NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2861
_____

UNITED STATES OF AMERICA

v.

LAMAR RICE,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cr-00338-001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2020
_____

Before:   GREENAWAY, JR., SHWARTZ, and RENDELL, *Circuit Judges.*

(Filed: August 31, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Lamar Rice appeals his judgment of conviction for drug-related offenses. Rice contends the District Court erred in denying his motion to suppress evidence for lack of standing to challenge the search warrant and application of the good faith exception. We disagree and will affirm the judgment of conviction of the District Court.

## I.     BACKGROUND

This appeal concerns a challenge to the validity of a search warrant and the subsequent search of a multi-parcel building at 321 Fifth Avenue in McKeesport, Pennsylvania. Leonard Piccini, an FBI agent, had been surveilling Rice based on information from two confidential sources explaining that Rice was operating a large-scale marijuana grow operation and a heroin and fentanyl distribution business at a building in McKeesport (the "McKeesport Building"). The McKeesport Building is a three-story building with at least four front doors and, unbeknownst to Piccini at the time, contains three parcels and three separate addresses. Law enforcement applied for a warrant to search 321 Fifth Avenue based on Piccini's affidavit, which contained allegations of Rice's grow operation and distribution activities at 321 Fifth Avenue. A magistrate judge signed and issued the warrant, along with three related warrants that same day.[1]

Piccini arrived at the McKeesport Building after the initial execution of the search warrant and entered the building through a door marked "321 Fifth." App. 121. He later

---

[1] A magistrate judge also issued warrants to search Rice's vehicle, Rice's residence, and Rice's person based on Piccini's affidavit.

2

accessed the second floor of the building through an unsecured door on the first floor and found evidence of marijuana grow set-ups. Piccini was under the impression that he was always in 321.

Based on the evidence recovered from the search, Rice was charged with conspiracy to possess with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), maintaining a drug involved premises, § 856(a)(1), and possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). Rice moved to suppress the evidence obtained pursuant to the warrants. Rice argued that either the search extended beyond 321 and the scope of the warrant or the warrant for 321 was invalid because it presumed that 321 occupied the entire building, when the building was composed of three properties. After a hearing on the motion to suppress, the District Court denied Rice's motion. Rice subsequently entered a conditional guilty plea, which reserved the right to appeal the District Court's denial of his suppression motion. Rice was sentenced to 60 months' imprisonment and four years of supervised release. This timely appeal followed.

## II.    JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291. We review the factual findings underlying the District Court's ruling on a motion to suppress for clear error and its legal determinations de novo. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

## III.    DISCUSSION

The District Court did not err in denying Rice's motion to suppress evidence for lack of standing based on a factual finding that the scope of the search was confined to

3

321 Fifth Avenue. We will therefore affirm the District Court's judgment of conviction for the following reasons.

First, the District Court properly determined that Rice did not have standing to challenge the search. A person challenging a search through a motion to suppress "bears the burden of proving not only that the search . . . was illegal, but also that he had a legitimate expectation of privacy [in the place searched]." *United States v. Stearn*, 597 F.3d 540, 551 (3d Cir. 2010) (alterations in original) (quoting *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980)). Rice did not meet this burden here because he disclaimed any expectation of privacy in 321 Fifth Avenue. Despite Rice's assertion that he had a legitimate expectation of privacy in the other parcels within the McKeesport Building, the District Court did not clearly err in finding that the area of the McKeesport Building searched by law enforcement was, in fact, 321 Fifth Avenue.

The latter determination is supported by evidence presented at the suppression hearing that Piccini entered the McKeesport Building through the door labeled "321," and from this entrance, Piccini and the other officers were able to freely access the entire second floor where the contraband was found. These facts reinforce the view that the areas searched are part of 321 Fifth Avenue, or, at least, that the areas are commonly accessible to the building's occupants. Either way, the District Court did not clearly err in finding that Rice did not have a legitimate expectation of privacy in the areas searched. *See United States v. Correa*, 653 F.3d 187, 190–91 (3d Cir. 2011) (finding a defendant "lacks an objectively reasonable expectation of privacy in the common areas of a multi-unit" building even where the common areas are behind a locked exterior door).

4

Second, even if the warrant was invalid, the evidence is admissible under the good faith exception to the exclusionary rule. *Stearn*, 597 F.3d at 560–61. Where an officer acts in good-faith, reasonable reliance on a search warrant issued by a detached and neutral magistrate, the evidence is admissible even if that warrant is subsequently invalidated. *Id.*

This Court has excluded evidence based on an officer's unreasonable reliance on a search warrant in four limited circumstances.[2] *United States v. Pavulak*, 700 F.3d 651, 664 (3d Cir. 2012). None of these circumstances is applicable here. Although Rice relies on the first of those circumstances, that the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit, Rice presented no evidence that "the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant" or that "such statements or omissions were material, or necessary, to the probable cause determination." *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). Even if a public records search would have revealed that the building contained three separate addresses, as Rice contends, a failure to fully investigate is "not evidence of an affiant's

---

[2] "Those four rare circumstances occur when: (1) the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) the magistrate abandoned his judicial role and failed to perform his neutral and detached function; (3) the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized." *Pavulak*, 700 F.3d at 664 (internal quotation marks and citations omitted).

5

reckless disregard for the truth." *United States v. Brown*, 631 F.3d 638, 648 (3d Cir.

2011) (quoting *United States v. Dale*, 991 F.2d 819, 844 (D.C. Cir. 1993)).

Moreover, Piccini's testimony that he relied on confidential informants' references

to the building as 321 Fifth Avenue, that he knew the building at one time did not consist

of three separate parcels, and that he researched the building through a property-type

check that did not reveal any conclusive partitioning of the building all support the

opposite conclusion—that Piccini did not recklessly falsify information in the warrant

affidavit's description of the McKeesport Building. The District Court therefore did not

clearly err in finding that none of the circumstances that would require exclusion of the

evidence apply in this case.[3] *See Brown*, 631 F.3d at 642 (noting that a determination of

reckless error or omission in a warrant affidavit is reviewed for clear error).

## IV.  CONCLUSION

Rice did not have standing to challenge the search and the good faith exception

would nevertheless apply to allow admission of the confiscated evidence. We will,

therefore, affirm the District Court's judgment of conviction.

---

[3] Rice also asserts that the evidence should be excluded because the warrant was so facially deficient that it failed to particularize the place to be searched or things to be seized, which falls under the fourth type of circumstance precluding application of the good faith exception. *Pavulak*, 700 F.3d at 664. However, the District Court did not clearly err in finding the search was, in fact, limited to 321 Fifth Avenue. This contention and Rice's standing argument therefore fail for the same reasons.

6